United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61118
Summary Calendar

JASHAR ZEQAJ,

Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 007 545
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jashar Zeqaj, a citizen and native of the United Nations protectorate of Kosovo within the nation of Serbia and Montenegro, petitions this court for review of the Board of Immigration Appeal's (BIA) order affirming the immigration judge's (IJ) order denying his requests for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. When, as here, the BIA adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zeqaj argues that the IJ erred by finding that he did not file a timely application for asylum because he established that he received ineffective assistance of counsel that excused his untimely filing. The respondent asserts that we are without jurisdiction to consider this argument. This court generally does not have jurisdiction to review a determination that an alien did not file a timely application for asylum. See 8 U.S.C. § 1158(a)(3). Under the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 302, however, none of the jurisdiction-stripping provisions "'shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.'" Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 736 (5th Cir. 2005) (quoting 8 U.S.C. § 1252(a)(2)(D) (2005)), cert. denied, 126 S. Ct. 1055 (2006). Because this issue is unclear and Zeqaj is not entitled to relief even if we have jurisdiction to consider the timeliness of his asylum application and determine that it was timely, we pretermit consideration of the jurisdictional issue and do not reach the merits of Zeqaj's timeliness argument. See Madriz-Alvarado v. Ashcroft, 383 F.3d 321, 327-28 (5th Cir. 2004).

For the first time in this court, Zeqaj asserts that the IJ's determination that his asylum application was frivolous violated his due process rights because he was not given an opportunity to account for discrepancies in his testimony.

Because Zeqaj did not raise this issue before the BIA and this claim is a claim of procedural error correctable by the BIA, we do not have jurisdiction to consider it. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001); Anwar v. INS, 116 F.3d 140, 144 n.4 (5th Cir. 1997). Accordingly, this portion of Zeqaj's petition for review is dismissed.

Zeqaj argues that the IJ erred by determining that he was not entitled to asylum or withholding of removal because he established that he was subjected to persecution by the deliberate imposition of substantial economic disadvantage on account of a protected ground. The IJ's decision, however, was based on his determination that Zeqaj and his witnesses were not credible and Zeqaj has not shown that the record compels the overturning of the IJ's credibility determination.[**] See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002). Furthermore, Zeqaj has not demonstrated that the IJ was improperly biased as the alleged source of the IJ's bias was not extrajudicial and nothing in the record indicates pervasive bias and prejudice. See In re Exame, 18 I. & N. Dec. 303, 306 (BIA 1982). Without credible evidence, the IJ had no grounds upon which to grant

---

[**] Although the REAL ID Act recently altered, inter alia, the standard of review for credibility determinations, that portion of the Act is inapplicable here because Zeqaj's asylum application was filed prior to the May 11, 2005, effective date of the Act. See REAL ID Act §§ 101(a)(3), (h)(2), Pub. L. 109-13, 119 Stat. 302; see also Dhima v. Gonzales, 416 F.3d 92, 94 n.3 (1st Cir. 2005) (holding that new standards for reviewing credibility determinations are only applicable to applications made on or after the effective date of the Act).

Zeqaj asylum or withholding of removal and Zeqaj has not shown that the IJ's denial of his requests for asylum and withholding of removal were not supported by substantial evidence in the record.  See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994).

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.