# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-60408
Summary Calendar

JASHAR ZEQAJ

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 007 545

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jashar Zeqaj, a native and citizen of Kosovo, petitions this court for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen his removal proceedings. Zeqaj does not challenge the BIA's determination that his motion to reopen was untimely, but maintains that the time limitation should not apply because his motion to reopen was based upon changed country conditions in Kosovo.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An alien is not bound by the time limitation for filing a motion to reopen if his request for asylum or withholding of deportation "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The evidence submitted by Zeqaj, however, did not show a significant change in conditions in Kosovo since the time of his asylum hearing. The BIA did not abuse its discretion by determining that Zeqaj had not established changed country conditions and that his motion to reopen was, therefore, untimely. See Panjwani v. Gonzales, 401 F.3d 626, 632-33 (5th Cir. 2005); cf. Shehu v. Gonzales, 443 F.3d 435, 438 (5th Cir. 2006) (taking judicial notice of report showing improved conditions in Kosovo).

Zeqaj asserts that his motion to reopen should have been granted because he received ineffective assistance of counsel. He maintains that the ineffective assistance of counsel he received prevented him from exercising his due process right to counsel.

This court has allowed claims of ineffective assistance of counsel because such claims are recognized by the BIA as a ground for reopening removal proceedings. Mai v. Gonzales, 473 F.3d 162, 165 (5th Cir. 2006). The BIA considered Zeqaj's ineffective assistance of counsel claims only to determine whether Zeqaj was eligible for equitable tolling of the time limitation for filing a motion to reopen. While Zeqaj argues the merits of his ineffective assistance of counsel claims, he does not challenge the BIA's determination that he was not entitled to equitable tolling. Accordingly, he has abandoned any such challenge he could have raised. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Zeqaj argues that his prior testimony, along with the new evidence he submitted in his motion to reopen, establishes that he is eligible for withholding of removal and withholding of removal under the Convention Against Torture

(CAT). For this reason, he asserts that the BIA's initial decision upholding the immigration judge's (IJ) denial of his requests for withholding of removal and withholding of removal under the CAT was erroneous and should be overturned.

The order of the BIA affirming the IJ's denial of Zeqaj's requests for withholding of removal and withholding of removal under the CAT was entered on November 7, 2005. The present petition for review was filed by Zeqaj on May 25, 2007. While Zeqaj did file a timely petition for review of the BIA's November 7, 2005, order, this court dismissed in part and denied in part that petition for review on July 27, 2006. See Zeqaj v. Gonzales, 192 F. App'x 283, 283-85 (5th Cir. 2006). As the present petition for review was not filed within 30 days of the BIA's November 7, 2005, order we do not have jurisdiction to consider Zeqaj's challenges to that order. See 8 U.S.C. § 1252(a)(1), (b)(1); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993). Accordingly, this portion of Zeqaj's petition for review is dismissed.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.