## MATTER OF EXAME

### In Exclusion Proceedings

### A-26007788

### *Decided by Board September 3, 1982*

(1) Background evidence relating to general or specific conditions in the country to which an alien's persecution claim is directed is admissible in proceedings to adjudicate an asylum application so long as it is relevant, material, and noncumulative. Accordingly, the immigration judge's categorical rejection of background evidence relating to general conditions in Haiti improperly precluded the applicant from making a full and fair presentation of his persecution claim, thus necessitating a remand for further proceedings and further consideration of the applicant's asylum application.

(2) While an alien is entitled to have a persecution claim evaluated in the context of whatever admissible evidence he desires to submit, such general background evidence is usually not sufficient per se to establish a claim of persecution. The ultimate test is whether objective evidence of record is significantly probative of the likelihood of persecution to this particular alien, sufficient to establish a well-founded fear of persecution.

(3) Recusal of an immigration judge in exclusion proceedings is mandated by section 236 of the Immigration and Nationality Act, 8 U.S.C. 1226, only where the immigration judge has previously participated in investigative or prosecuting functions involving the particular alien applicant presently before him. The immigration judge's past participation as an Immigration and Naturalization Service general (trial) attorney in other Haitian asylum cases or as co-counsel for the Government in federal court proceedings involving similar Haitian asylum applicants does not require his disqualification in these proceedings because the applicant has not established that the immigration judge participated in previous investigative or prosecuting functions involving this particular applicant, nor that the manner in which the immigration judge conducted this proceeding demonstrates bias or prejudice against the applicant such that he was deprived of a constitutionality fair hearing.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa

ON BEHALF OF APPLICANT:
Vera Weisz, Esquire
Haitian Refugee Center, Inc.

ON BEHALF F SERVICE:
Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman, Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the immigration judge's decision of November 3, 1981, finding the applicant excludable from

admission to the United States under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182 (a)(20), and denying his application for asylum under section 208 of the Act, 8 U.S.C. 1158.[1] The record will be remanded.

The applicant is a 50-year-old native and citizen of Haiti who arrived in the United States on July 27, 1981, by boat near Miami, Florida. He had no documents with which to enter the United States and was held in detention by the Service. On July 29, 1981, he was served with a Form I-122, "Notice to Applicant for Admission Detained for Hearing Before Immigration Judge," alleging that he was excludable from admission to the United States under section 212(a)(20) of the Act as an immigrant not in possession of a valid immigrant visa. Following his initial two hearings before the immigration judge which were continued to permit the applicant to have counsel present and to submit an asylum application, the applicant filed a Form I-589, "Request for Asylum in the United States," on September 21, 1981.[2] Upon receipt of an advisory opinion from the United States Department of State, Bureau of Human Rights and Humanitarian Affairs (BHRHA),[3] the exclusion hearing was resumed on November 3, 1981. The immigration judge found the applicant excludable as indicated above and denied his asylum application.

The record clearly establishes and the applicant does not contend otherwise that, inasmuch as he has no documents with which to legally enter the United States, he is excludable under section 212(a)(20) of the Act. The only issue presented on appeal is whether the applicant's asylum application was properly denied.

It should be emphasized that a principal focus of our consideration of this appeal is whether the applicant was afforded a full and fair opportunity to present the merits of his asylum application and establish his claim of having a well-founded fear of persecution in Haiti. After review of the record, we are persuaded that the applicant has not had such an opportunity and therefore a remand for further proceedings is required.

We base our conclusion that the applicant was denied the opportunity to fully present his asylum claim upon the immigration judge's categorical rejection of background information relating to general conditions in Haiti. The applicant offered such evidence as various reports by Amnesty International and the Lawyers Committee for International Human Rights, Country Reports on Human Rights Practices from the United

---

[1] 8 C.F.R. 208.3(b) provides that the filing of an application for asylum in exclusion proceedings shall also be considered as a request for withholding of exclusion under section 243(h) of the Act, 8 U.S.C. 1253(h).

[2] Accordingly, jurisdiction over the applicant's asylum request lies properly and exclusively with the immigration judge in these exclusion proceedings. *See Matter of Dea*, Interim Decision 2912 (BIA 1982).

[3] *See* 8 C.F.R. 208.7 and 208. 10(b).

States Department of State, transcripts of court testimony of expert witnesses and Haitian individuals, and the testimony or affidavits of alleged corroborative witnesses and/or experts on conditions in Haiti. The immigration judge denied admission of this evidence, reasoning that it did not specifically identify or name the applicant. We find this categorical exclusion of background evidence to have been in error. '

Background evidence relating to general or specific conditions in the country to which an alien's persecution claim is directed is admissible in proceedings to adjudicate his asylum application so long as it is relevant, material, and noncumulative. *See Matter of Martinez-Romero*, 18 I&N Dec. 75 (BIA 1981); *Matter of McMullen*, 17 I&N Dec. 542 (BIA 1980), *rev'd on other grounds*, 658 F.2d 1312 (9 Cir. 1981); *Matter of Williams*, 16 I&N Dec. 697 (BIA 1979); *Matter of Chumpitazi*, 16 I&N Dec. 629 (BIA 1978); *Matter of Joseph*, 13 I&N Dec. 70 (BIA 1968); *see also* 8 C.F.R. 208.10; *Coriolan v. INS*, 559 F.2d 993 (5 Cir. 1977). While such general background material usually would not be sufficient per se to establish the applicant's persecution claim,[4] nevertheless, he is entitled to have that claim evaluated in the context of whatever admissible evidence he desires to submit. Inasmuch as the immigration judge improperly denied admission of the background evidence described above and thereby precluded the applicant from making a full and fair presentation of his persecution claim, the record must be remanded to the immigration judge for a new hearing and further consideration of the applicant's asylum application.[5]

The applicant also has raised numerous other objections to the proceedings below. In view of our decision to remand the record, however, we need not reach the merits of all of these other objections. Such issues pertaining to the adequacy of the opportunity to prepare and present the request for asylum are rendered moot by this disposition. Nevertheless, we do find it necessary to address the following few matters.

The applicant argues that the immigration judge erred by failing to recuse or disqualify himself because at one time he served as a General Attorney (Trial Attorney) for the Service and participated in earlier Haitian asylum cases and/or served as co-counsel for the Government in

---

[4] The immigration judge should give this and all other evidence its appropriate weight. The ultimate test remains, of course, whether objective evidence of record is significantly probative of the likelihood of persecution to this particular individual alien, sufficient to establish a well-founded fear of persecution in Haiti. *See* sections 101(a)(42)(A) and 208 of the Act.

[5] We are aware that this background evidence is extremely voluminous. It also appears that most if not all of this evidence has been sought to be introduced in many other cases involving Haitian asylum applicants, which number in the hundreds. For the convenience of both the aliens and the Service, as well as to facilitate appellate review, should such be necessary, we express the hope that the parties can agree to a mechanism to simplify the admissic and consideration of this common background evidence.

federal court proceedings involving similar Haitian applicants, and because the immigration judge was otherwise biased against the applicant. We do not so find.

In exclusion proceedings, motions for recusal are governed by section 236(a) of the Act, 8 U.S.C. 1226, and the constitutional due process requirement that the hearing be before a fair and impartial arbiter.

Section 236(a) provides, in pertinent part, that no immigration judge "shall conduct [an exclusion] proceeding in any case . . . in which he shall have participated in investigative functions or in which he shall have participated . . . in prosecuting functions." We interpret this section as precluding an immigration judge from hearing a case involving a specific applicant for admission if the immigration judge has participated in investigative or prosecuting functions involving that *particular* case. The words "in any case" may not be construed as referring generally to cases *similar* to those in which an immigration judge may have been previously involved in investigative or prosecuting functions. Inasmuch as it has not been established that the immigration judge participated in any previous investigative or prosecuting functions involving the case before us, we do not find that he was precluded from hearing this case by the provisions of section 236(a) of the Act.

As to whether the applicant has demonstrated that he was deprived of a constitutionally fair proceeding, we note initially that an immigration judge's rulings in the same or similar cases do not ordinarily form a basis upon which to allege bias. Moreover, an applicant is not denied a fair hearing merely because the immigration judge has a point of view about a question of law or policy. Nor does the fact that the immigration judge may have previously participated in investigative or prosecuting functions in similar proceedings prior to becoming an immigration judge provide a basis upon which to establish a disqualifying bias. As a general rule, in order to warrant a finding that an immigration judge is disqualified from hearing a case it must be demonstrated that the immigration judge had a personal, rather than judicial, bias stemming from an "extrajudicial" source which resulted in an opinion on the merits on some basis other than what the immigration judge learned from his participation in the case. An exception to the general rule that bias must stem from an "extrajudicial" source may arise where "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Davis* v. *Board of School Comm'rs*, 517 F.2d 1044(5 Cir. 1975), *cert. denied*, 425 U.S. 944 (1976).

We have reviewed the record in its entirety and do not find sufficient support for the applicant's claim of bias by the immigration judge to warrant the conclusion that a fair hearing required his disqualification. We do not find that the immigration judge's previous involvement in similar cases as a Government attorney prior to his appointment as an

immigration judge or the manner in which he conducted the proceedings in this case demonstrates a bias or prejudice mandating his recusal.

The applicant also objects to the denial of his motions for "simultaneous translation" of the exclusion hearing and for the taking of interrogatories or depositions from BHRHA officials. We find no error in the denial of these motions. See Matter of Exilus, 18 I&N Dec. 276 (BIA 1982).

Similarly, we find that the immigration judge's denial of the motion to change venue was correct. *See Matter of Alphonse*, 18 I&N Dec. 178 (BIA 1981).

In conclusion, we find that the applicant was not afforded a full and fair opportunity to present his persecution claim because of the immigration judge's categorical refusal to admit background evidence pertaining to conditions in Haiti. Therefore, the record will be remanded for further proceedings and further consideration of the applicant's asylum application to determine whether he has established a well-founded fear of persecution in Haiti.

**ORDER:** The record is remanded to the immigration judge for further proceedings and further consideration of the applicant's application for asylum under section 208 of the Act and for entry of a new decision.