Jose Luis **CORREA–CALAGUA**,
Petitioner,

v.

Alberto R. **GONZALES**,\* Attorney General of the United States, Department of Homeland Security, Respondents.

No. 04–1358.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

David R. Addelman, Addelman & Marszalkowski, P.C., Buffalo, NY, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney (David N. Kelley, United States Attorney, Kathy S. Marks, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondents.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, Circuit Judges and RICHARD M. BERMAN,\*\* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jose Luis Correa–Calagua, a Peruvian native, entered the United States on January 8, 1988 as a tourist. He stayed unlawfully after the expiration of his tour-

---

\* Alberto R. Gonzales, Attorney General of the United States, has been substituted for former Attorney General John Ashcroft pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

ist visa by purchasing a birth certificate and social security card that had been issued to a U.S. citizen named Rafael A. Martinez and by assuming Martinez's identity. On October 9, 1996, the Immigration and Naturalization Service ("INS") served petitioner with an Order to Show Cause and Notice of Hearing charging him with deportability pursuant to Immigration and Nationality Act ("INA") § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B), for having remained in the United States without authorization. Petitioner filed a pleading admitting the factual allegations and conceding that he was deportable as charged, but seeking suspension of deportation and voluntary departure on the ground that his deportation would result in extreme hardship to his lawful permanent resident parents and his U.S. citizen daughter. Following a hearing on the merits, Immigration Judge ("IJ") Walter A. Durling issued a written decision on January 30, 1997 denying petitioner's request for suspension of deportation and granting his request for voluntary departure. Petitioner appealed the IJ's order, which the Board of Immigration Appeals ("BIA") affirmed in a decision dated December 14, 2001.

On January 8, 2002, petitioner filed with the BIA a motion to reopen and remand on the ground that he had become eligible for adjustment of status as a result of an approved employment-based immigrant visa petition. The INS failed to respond to the motion, which the BIA granted. The case was then remanded to the immigration court for further proceedings.

IJ Philip J. Montante, Jr. held an initial scheduling hearing on April 24, 2002. Two days later, petitioner filed an Application to Register Permanent Residence or Adjust Status, as well as an Application for Waiver of Ground of Excludability in which he admitted assuming Rafael A. Martinez's identity. At the conclusion of a hearing held on November 7, 14 and 29, 2002, IJ Montante rendered an oral decision and found that petitioner had failed to establish "extreme hardship" or "unusual or outstanding equities." The IJ further determined that petitioner did not merit the favorable exercise of discretion. Accordingly, the IJ denied petitioner's application for a waiver of inadmissibility pursuant to INA § 212(i), 8 U.S.C. § 1182(i), and his application for adjustment of status. The BIA affirmed the IJ's decision without opinion on February 17, 2004.

In his petition to this Court, Correa–Calagua claims that he was denied due process of law because IJ Montante allegedly exhibited bias and conducted the hearing unfairly. In addition, petitioner contends that he was not required to procure a fraud waiver pursuant to INA § 212(i) because he allegedly did not obtain any benefit under the INA and because the imposition of the "extraordinary hardship" standard on him was impermissibly retroactive due to the fact that his fraudulent conduct occurred before the INA was amended to require proof of "extraordinary hardship."

We have jurisdiction to review petitioner's claim that the deportation hearing violated his rights pursuant to the Due Process Clause of the Fifth Amendment. *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing ... in any ... provision of this chapter ... which limits or eliminates judicial review[ ] shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review."); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006) (noting that the phrase "constitutional claims," as used in 8 U.S.C. § 1252(a)(2)(D), "clearly relates to claims brought pursuant to provisions of the Constitution of the United States"). The Due Process Clause requires that aliens who

are already admitted to the United States be afforded due process of law in deportation proceedings, *see Reno v. Flores,* 507 U.S. 292, 306–09, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993), but a deportation hearing is meant "to provide a streamlined determination of eligibility to remain in this country, nothing more." *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Accordingly, the strict rules of evidence do not apply in deportation hearings and "the IJ has an affirmative obligation to help establish and develop the record in the course of such proceedings." *Secaida–Rosales v. INS,* 331 F.3d 297, 306 (2d Cir.2003).

■ Petitioner has made no showing of personal bias on the part of the IJ, *see In re Exame,* 18 I. & N. Dec. 303, 306, 1982 WL 190694 (BIA Sept. 3, 1982) (To challenge an IJ's decision on the basis of bias, an alien must show "personal, rather than judicial, bias stemming from an 'extrajudicial' source which resulted in an opinion on the merits on some basis other than what the immigration judge learned from his participation in the case"), or more broadly of unfairness in the hearing. *See Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 212, 73 S.Ct. 625, 97 L.Ed. 956 (1953) ("[A]liens ... may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law."). Upon review of the record, we find no constitutional defect in petitioner's hearing.

■ Petitioner applied for a section 212(i) waiver. He now argues for the first time on appeal to this Court that he was not required to obtain a section 212(i) waiver. Because petitioner failed to exhaust his administrative remedies with respect to this issue, we are barred from reviewing it. *See* 8 U.S.C. § 1252(d)(1) (allowing a court to review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004) ("[W]e require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review.'" (quoting *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003)) (emphasis and second alteration in original)).

We have considered all of petitioner's arguments and find them to be without merit. Accordingly, we hereby DENY the petition for review.