United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60085
Summary Calendar

_____

DIMAS NICOLAS MOSQUERA,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 305 006
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Dimas Nicolas Mosquera (Mosquera) appeals the denial of his
application for cancellation of removal pursuant to 8 U.S.C.
§ 1229b.  The immigration judge (IJ) determined that Mosquera had
not made the requisite showing that his United States citizen
children would suffer "exceptional and extremely unusual hardship."
See § 1229b(b)(1)(D).  The IJ also denied Mosquera's request for
voluntary departure.  The Board of Immigration Appeals (BIA)
affirmed the IJ's decision.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When considering a petition for review, this court typically reviews only the BIA's decision unless the IJ's decision had some impact on the BIA's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Mosquera challenges the denial of his application for relief under § 1229b. This court is without jurisdiction to consider that claim. See 8 U.S.C. § 1252(a)(2)(B)(i).

Mosquera also asserts that the denial of voluntary departure was erroneous, and he has moved the court for a stay of removal. However, Mosquera has now been removed. His argument regarding voluntary departure and his motion for stay of removal are therefore moot.

Mosquera further argues that his due process rights were violated because the IJ demonstrated bias against him and did not weigh the evidence fairly and impartially. The IJ's statements do not indicate bias or partiality, and Mosquera has not shown that his hearing was otherwise unfair. Moreover, Mosquera has not argued or alleged that any bias on the IJ's part had an extrajudicial source, nor does the record indicate pervasive bias and prejudice. See In re Exame, 18 I. & N. Dec. 303, 306 (BIA 1982).

Finally, Mosquera has moved this court to remand this matter to the BIA. He asserts that he plans to file an application for adjustment of status on the basis of an immediate relative petition filed on his behalf by his second wife, a United States citizen.

This court is without jurisdiction to consider Mosquera's motion to remand, which contains administratively unexhausted claims.  <u>See</u> <u>Wang v. Ashcroft</u>, 260 F.3d 448, 452 (5th Cir. 2001)

Accordingly, the petition is DISMISSED in part for lack of jurisdiction and DENIED in part.  Mosquera's motion to remand and to stay removal is DISMISSED for lack of jurisdiction.