

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# Her v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Her v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3008
_____

LAO DAO HER,
                    Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

                    Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A 73 344 909)

Immigration Judge: Donald Vincent Ferlise

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2006

BEFORE: FUENTES, FISHER, and BRIGHT,[*] Circuit Judges.

(Filed:   February 1, 2007)

_____

[*] The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Petitioner challenges the Board of Immigration Appeals' denial of his application for relief under the Convention Against Torture.  For the reasons that follow, we will deny the petition.

**I.**

Petitioner is a native and citizen of Laos.[1]  He was born in 1964 and is a member of the Hmong ethnic group.  He is married and has seven children, two of whom were born in the United States.

According to petitioner, his father worked for the CIA in a guerilla unit against communist forces from 1960 to 1975.  In 1975, petitioner's family fled to the jungle to hide from the communist government, which sought to murder Laotians who had assisted the United States.  At some point in the next few years, petitioner's mother and younger siblings were killed by a bomb explosion.  Petitioner's father was killed in 1979 during a battle in the jungle.  Petitioner then hid in the jungle with other family for four years.  He was shot in the leg by government forces before managing to escape to Thailand where he lived in refugee camps for about fourteen years.

_____

[1] The case docket and caption state that petitioner's name is "Lao Dao Her," although according to petitioner's brief the correct name is "Lao Pao Her."

Petitioner entered the United States legally from Thailand in June 1994, and his status was adjusted to permanent resident in April 1996. In 1997, he pled guilty to the importation of opium, a felony, and was sentenced to five months at a community treatment facility, followed by three years of supervised release. The INS initiated removal proceedings based on petitioner's conviction for an aggravated felony and a controlled substance offense. Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

In October 1999, following a hearing, the immigration judge ("IJ") issued an interlocutory order finding that petitioner had committed an aggravated felony and a "particularly serious crime," and that he therefore could not apply for asylum or withholding of removal. Because of that decision, petitioner requested that the IJ recuse himself from determining petitioner's remaining claim under the CAT. The IJ denied the recusal motion and held a hearing on the CAT claim in March 2000. On April 14, the IJ ruled that petitioner's testimony was not credible, and that he had not shown that it was "more likely than not" that he would be tortured if returned to Laos.

Petitioner appealed the IJ's decisions to the Board of Immigration Appeals ("BIA"), which denied him relief on March 22, 2004. The BIA concluded that the IJ applied the correct standards to the recusal motion and properly denied it, and that the opium conviction was for a "particularly serious crime." In addition, the BIA upheld the IJ's denial of CAT relief because it agreed with the IJ that petitioner's testimony "contain[ed] important discrepancies as to essential facts." Specifically, the BIA noted

3

that petitioner had provided inconsistent testimony regarding his collaboration with the CIA and his involvement with a resistance group. The BIA also determined that petitioner had failed to provide a reasonable explanation for why his testimony as to the dates of his parents' deaths contradicted his documentary submissions.

On March 30, 2005, petitioner filed a petition for writ of habeas corpus in the Eastern District of Pennsylvania, which was transferred to our Court pursuant to the REAL ID Act. We now consider petitioner's application as a petition for review. Petitioner argues that (1) the BIA erred in denying his CAT claim solely on credibility grounds; (2) the BIA violated his due process rights by failing to examine the entire record in considering his CAT claim; and (3) the IJ's refusal to recuse himself, and the BIA's affirmance of that decision, denied him a fundamentally fair hearing in violation of his due process rights.

## II.

Our jurisdiction to review the BIA's order is governed by the REAL ID Act, 8 U.S.C. § 1252. Because petitioner's order of removal was based on his conviction for an aggravated felony, we may not review the factual or discretionary findings of the BIA. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). This includes credibility determinations. See Jishiashvili v. Attn'y Gen. of the United States, 402 F.3d 386, 392 (3d Cir. 2005) (noting that "credibility determinations are factual matters"). Therefore, we do not have jurisdiction to review petitioner's arguments that the BIA was wrong to conclude that his testimony was not credible.

4

We may, however, review petitioner's claims "to the extent they present questions of law, or of the application of law to undisputed fact." Singh v. Gonzales, 432 F.3d 533, 537-38 (3d Cir. 2006). As a result, we do have jurisdiction to review petitioner's claims that the BIA committed legal error in denying his CAT claim and that his constitutional rights were violated. Because the BIA did not adopt the IJ's opinion or its findings, we review only the decision of the BIA. See Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003) ("Our power of review . . . extends only to the decision of the BIA. Therefore, only if the BIA expressly adopts or defers to a finding of the IJ, will we review the decision of the IJ.") (citation omitted).

### III.

Petitioner contends that by denying his CAT claim solely on credibility grounds, the BIA applied the wrong legal standards. Petitioner cites to Zubeda v. Ashcroft, 333 F.3d 463 (3d Cir. 2003), where we held that an adverse credibility determination for an asylum or withholding of removal claim does not automatically defeat a CAT claim. Id. at 476. Under some circumstances, the evidence in the record can support a finding that the applicant is likely to be tortured even if the applicant's testimony is not credible.

Petitioner criticizes the BIA for failing to mention expert testimony or documentary evidence that he claims supports his CAT claim. While the BIA could have discussed the evidence in the record more fully, we do not believe the BIA committed legal error. Unlike the unique circumstances in Zubeda, petitioner's CAT claim cannot survive an adverse credibility finding. The evidence apart from his testimony fails to

5

demonstrate that the Laos government tortures Hmong citizens who are removed by the United States or that the government even considers such individuals to be political dissidents. Consequently, we believe the BIA committed no error in denying petitioner's CAT claim.

## IV.

"We exercise plenary review over procedural due process claims. Aliens are entitled to a full and fair hearing of [their] claims and a reasonable opportunity to present evidence. To prevail on such claims, an alien must show substantial prejudice." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006) (internal quotation marks and citations omitted). Due process requires that "[a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotation marks and citations omitted). Petitioner focuses on the third requirement and claims that the BIA did not provide him with an "individualized determination" by failing to fully evaluate the record. Petitioner bears the burden of demonstrating the BIA's failure to properly examine the record. See id. at 550.

As noted above, the BIA could have discussed the expert testimony and documentary evidence more fully, but it is clear that the BIA evaluated facts and evidence specific to petitioner's case and that it afforded him an "individualized determination." We conclude that the BIA's review of petitioner's petition satisfied due process.

6

**V.**

Petitioner asserts that the IJ should have recused himself from adjudicating his CAT claim because the IJ had previously ruled that petitioner had committed an aggravated felony and a particularly serious crime. Petitioner asserts that the IJ based this earlier ruling on an adverse credibility finding, which then improperly influenced the IJ's denial of the CAT claim. Petitioner asserts that we should apply the recusal standards for federal judges established in Liteky v. United States, 510 U.S. 540 (1994), while the government argues that we should look to Matter of Exame, 18 I & N Dec. 303 (BIA 1982). Under the recusal standards of either case, we believe that the BIA was correct to affirm the IJ's decision. Although the IJ may have questioned some of petitioner's testimony with regard to his criminal conviction, the IJ did not state that his finding of a "particularly serious crime" was based on an adverse credibility determination. Petitioner simply has failed to demonstrate that the IJ was biased or that his decision regarding the criminal conviction created an improper appearance of bias. See Liteky, 510 at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Matter of Exame, 18 I & N Dec. at 306 ("[A]n immigration judge's rulings in the same or similar cases do not ordinarily form a basis upon which to allege bias.").

**VI.**

Petitioner has failed to demonstrate that the BIA erred in rejecting his claim for relief under CAT. For the reasons discussed above, we will deny the petition.

7