# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-61039
Summary Calendar

CLARA INES MATIZ GAITAN; JUAN ESTEBAN BEDOYA MATIZ; JULIAN CAMILO BEDOYA MATIZ; CESAR ALEJANDRO BEDOYA MATIZ; TULIO CESAR BEDOYA CASTRILLON

Petitioners

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A96 100 633, A97 634 291,
A96 100 630, A96 100 631, A96 100 632

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Clara Ines Matiz Gaitan (Matiz Gaitan), a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals's (BIA) dismissal of her appeal of the Immigration Judge's order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Matiz Gaitan's husband and children, joint petitioners herein, are also natives and citizens of Colombia and were derivative beneficiaries of her application.

Matiz Gaitan does not challenge the BIA's determinations that she was statutorily ineligible for asylum or relief under CAT. Rather, she argues that the BIA erred by finding her ineligible for withholding of removal. Matiz Gaitan argues that she suffered harm on account of her political opinions and that she has demonstrated a clear probability that she will be persecuted upon her return. She also asserts that the Immigration Judge violated her due process rights by excluding her expert witness from testifying and disallowing her requested continuance to correct her failure to submit a synopsis of her expert's proposed testimony. Finally, she argues that the Immigration Judge and the BIA violated her substantive due process rights by failing to discuss in their order and opinion the documentary evidence that she provided from the U.S. State Department and the United Nations High Commissioner on Refugees. She raises these due process claims for the first time on appeal.

We will uphold the factual finding that an alien is not eligible for withholding if that finding is supported by substantial evidence. Zamora-Morel v. INS, 905 F.2d 833, 838 (5th Cir. 1990). To be eligible for withholding of removal, an alien "must demonstrate a 'clear probability' of persecution upon return" to her native country. Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004) (citing Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994)).

The BIA's decision that Matiz Gaitan failed to demonstrate a clear probability of persecution upon her return to Colombia – based on a failure to demonstrate past persecution – is supported by substantial evidence. Matiz Gaitan's testimony established that she was threatened by guerillas on, at most, six occasions. At no time was she, or any member of her family, physically harmed despite the fact that she continually refused to comply with the demands made on her by members of the Revolutionary Armed Forces of Colombia

(FARC). Consequently, the harm she suffered did not rise to the level of past persecution. Eduard v. Ashcroft, 379 F.3d 182, 187 n.4 (5th Cir. 2004).

Matiz Gaitan maintains that she did not cooperate with FARC based on her political beliefs, that the guerrillas targeted her due to her loyalty to the Conservative Party and its democratic ideals, and that the BIA's holding to the contrary – finding that Matiz Gaitan failed to establish persecution for political beliefs and therefore failed to establish clear probability of harm – was "based on erroneous findings of fact" and applied an improper legal standard.[1] There is substantial evidence that FARC, although aware of her loyalty to the party, targeted her for reasons unrelated to her political beliefs. The evidence indicates that it was her position as an assistant registrar that made her valuable to FARC. FARC threatened her as a means of coercing her into using her position as an assistant registrar to help them obtain fake identity cards. Matiz Gaitan has not established that FARC will be likely to target her now that she is an ex-assistant registrar and has been out of the country for five years. Moreover, the fact that her cousin, the mayor of Nocaima and presumably a higher profile member of the Conservative Party, remains in Nocaima without being disturbed by FARC offers further support for the BIA's determination that she would not be subject to persecution upon her return to Colombia. Thus, Matiz Gaitan did not establish a clear probability that she would be subject to persecution if deported to Colombia. See Mikhael v. INS, 115 F.3d 299, 305 (5th Cir. 1997); 8 C.F.R. § 1208.16(b). Furthermore, the BIA applied a correct legal standard in requiring a clear probability of persecution. See, e.g., Mikhael, 115 F.3d at 305 (IJ may not require that the alien "prove that he would be subject to persecution if deported"; nor that "'it is more likely than not that he or she would be

---

[1] Matiz Gaitan Br. at 4.

persecuted in his or her home country"[2]; IJ must require "clear probability" of persecution) (emphasis added; citations and quotations omitted).

Matiz Gaitan failed to exhaust her procedural due process claims because she did not raise them before the BIA. Although we do not typically subject due process claims to the exhaustion requirement, "procedural errors that are correctable by the BIA" must be exhausted. See Roy, 115 F.3d 299 at 137. Matiz Gaitan could have requested that the BIA remand the record to the IJ to require that court to hear the excluded expert testimony, but she did not.[3] Id. (citing In re Exame, 18 I. & N. Dec. 303, 305 (BIA 1982)). Therefore, this court lacks jurisdiction to hear her claim that the exclusion of the testimony violated her due process rights. We also lack jurisdiction to hear Matiz Gaitan's substantive due process claims that the IJ and the BIA failed to consider documents from the State Department and United Nations, as Matiz Gaitan failed to object to the BIA's lack of consideration of the evidence in a motion to reopen and therefore failed to bring the issue in the first instance before the BIA. Wang v. Ashcroft, 250 F.3d 448, 452-53 (5th Cir. 2001) (citing Goonsuwan v. Ashcroft, 252 F.3d 383, 388-89 (5th Cir. 2001)). Accordingly, the joint petition for review is DENIED.

---

[2] The agency may follow this standard if "applicant's fear of future threat to life or freedom is unrelated to the past persecution . . . ." See 8 C.F.R. 1208.16 § (B)(1)(iii).

[3] In her brief to the BIA Matiz Gaitan stated in "Factual Background": "The court admitted into evidence the Respondent's amended statement. The Respondent's attorney then made a request for a continuance in order to prepare her expert witness. The judge denied this motion." She did not further address the issue. Record on Appeal at 14.