# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-60880
Summary Calendar

———————

SHPETIM HAXHIAJ; VALENTINA HAXHIAJ; HENRI HAXHIAJ

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 545 620
BIA No. A98 545 621
BIA No. A98 545 622

———————

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The petitioners, Shpetim Haxhiaj (Haxhiaj), his wife, and his minor child, are natives and citizens of Albania who entered the United States on nonimmigrant visas in January (wife and child) and March (Haxhiaj) 2004 and who admitted removability in February 2005. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) after determining that they had not demonstrated past

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecution or a well-founded fear of future persecution under the Immigration and Nationality Act (INA).

The Haxhiajes argue that they: (1) proved they were entitled to asylum and withholding of removal; (2) the inconsistencies found by the Immigration Judge (IJ) were not central to their claims; and (3) they were not given an opportunity to explain the inconsistencies. The IJ found Haxhiaj was not credible based on numerous inconsistencies and omissions in his live testimony and asylum application concerning the nature and circumstances of the activities in which Haxhiaj was reportedly involved in Albania and the harm which he allegedly suffered.[1] Contrary to Haxhiaj's argument, the IJ gave him opportunities to explain these inconsistencies, but the IJ found that his explanations were inadequate. Additionally, the IJ's adverse credibility findings were based upon Haxhiaj's frequent travel to Italy, Germany, and the United States, where he returned each time to Albania without expressing fears of persecution or seeking asylum. Also adding to the IJ's adverse credibility findings were the country reports submitted by the Government that show there

---

[1]While some of these inconsistencies were not particularly significant by themselves, others were very relevant to the credibility of Haxhiaj's central claims, and taken together, the numerous inconsistencies and omissions in the record support the IJ's adverse credibility findings. Some of the relatively minor discrepancies included Haxhiaj's testimony that police officers had been to his home four times, though he later testified it had been five times; testimony that in December 2003 he had been beaten for five minutes, while his asylum application stated the beating lasted fifteen minutes; and testimony that he contacted a local radio or television station regarding his January 2004 arrest, while his asylum application stated he had contacted a local newspaper. More significant inconsistencies included Haxhiaj's testimony that his family was persecuted by the communist regime in Albania, though this allegation was not included in his asylum application; Haxhiaj's testimony that his father and wife had gone to the police station to report him as missing, while his wife testified that she did not go to the police station to look for Haxhiaj; and his asylum application statement that his house was blown up after his departure from Albania, though Haxhiaj failed to mention this while testifying before the IJ.

is no objective evidence to support a fear of future persecution based on Haxhiaj's political opinion.

Because the IJ's adverse credibility determination is supported by the record, and the evidence does not "compel a different conclusion," we affirm the decision. See Mwembie v. Gonzales, 443 F.3d 405, 410 (5th Cir. 2006). Although the IJ erred in determining that the REAL ID Act applied, the IJ's credibility findings do not rely on the changes made by the REAL ID Act and the Haxhiajes have not shown that the IJ's credibility findings were clearly erroneous under the standards in effect prior to the REAL ID Act. See Matter of A-S-, 21 I. & N. Dec. 1106, 1109 (BIA 1998). Because the Haxhiajes failed to make the requisite showing for asylum, they cannot meet the more stringent standard for proving eligibility for withholding of removal. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Further, the Haxhiajes have also failed to show that it is more likely than not they would be subjected to torture upon their return to Albania, and therefore have under the CAT. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

The Haxhiajes have not demonstrated that they were denied a fair hearing before an impartial arbiter. See Matter of Exame, 18 I. & N. Dec. 303, 306 (BIA 1982). They have not shown that the IJ had a bias stemming from an extrajudicial source which resulted in an opinion based on something other than what the IJ learned from his participation in the case. See id. And last, the 1967 United Nations Protocol Relating to the Status of Refugees is not self-executing and does not "confer any rights beyond those granted by implementing domestic legislation." Majd v. Gonzales, 446 F.3d 590, 597 (5th Cir. 2006). Thus, Haxhiaj cannot assert rights beyond those contained in the INA and its amendments.

PETITION FOR REVIEW DENIED.