**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60523
Summary Calendar

SONIA ZAVALA-MORALES

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 987 512

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sonia Zavala-Morales, a native and citizen of Mexico, seeks a petition for review of an order of the Board of Immigration Appeals (BIA) denying her application for hardship cancellation of removal pursuant to 8 U.S.C. § 1229b. We dismiss the petition in part for lack of jurisdiction and deny the petition in part.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the decision of the immigration judge (IJ) influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We may review the IJ's decision in the instant case because the BIA adopted it. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

We lack jurisdiction to review the IJ's discretionary determination that Zavala-Morales failed to demonstrate the "exceptional and extremely unusual hardship" required for cancellation of removal under § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We reject Zavala-Morales's attempt to classify her disagreement with the weighing and consideration of the relevant factors by the IJ as an issue of constitutional dimension. *See Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006). To the extent that Zavala-Morales challenges the discretionary denial of her request for cancellation of removal, we dismiss her petition for want of jurisdiction.

Zavala-Morales's claim that her due process rights were violated because the IJ exhibited bias against her is unavailing. Our review of the record does not show that the IJ held a "personal bias" against Zavala-Morales that arose from an "extrajudicial source" or that the IJ's conduct demonstrated "pervasive bias and prejudice." *See Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982). Zavala-Morales's bias claim lacks merit, and we deny her petition for review on this issue.

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.