MEMORANDUM ***
Tosha Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) dismissing his appeal from a decision of an Immigration Judge (“IJ”) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. Singh argues that the IJ erred in making an adverse credibility determination and that the IJ violated his due process rights by abandoning her neutral role and denying his recusal motions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]
We conclude that the IJ’s adverse credibility determination was supported by substantial evidence. See Tekle v. Mukasey, 588 F.3d 1044, 1051 (9th Cir.2008). Among the grounds the IJ gave in support of the adverse credibility determination were Singh’s demeanor, his inconsistent testimony about the dates and sources of his medical treatment, and his failure to produce his Indian driver’s license. The evidence does not compel a result contrary to that of the IJ. See id. (“Under this deferential standard of review, the IJ or BIA must identify specific, cogent reasons for an adverse credibility finding, and the reasons must ... strike at the heart of the claim for asylum.” (citations and internal quotation marks omitted)).
We also conclude that the IJ did not violate Singh’s due process rights. An IJ *118 does not abandon her neutral role merely by taking over questioning on cross-examination. See Antonio-Cruz v. INS, 147 F.3d 1129, 1131 (9th Cir.1998) (rejecting a due process claim premised on the fact that the IJ had conducted “the lion’s share of cross-examination” in a “harsh manner and tone”). That Singh’s former counsel’s brother brought complaints against the IJ, without more, is insufficient to demonstrate that the IJ issued an impermissible decision on the merits of Singh’s case because of a personal bias stemming from an “extrajudicial” source. See Matter of Exame, 18 I. & N. Dec. 303, 306 (BIA 1982).
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts, we do not recite them here.