# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2012

No. 11-60542
Summary Calendar

Lyle W. Cayce
Clerk

HOUNKPATI YOUSSIF SOUNOU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 273 205

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hounkpati Youssif Sounou, a native and citizen of Togo, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his application for asylum, withholding of removal, or relief under the Convention Against Torture (CAT). Sounou sought relief on the grounds that he had been arrested and tortured by government officials in Togo in the past, based on his membership in the Union of Forces for Change (UFC), a political opposition group, and that he would be killed by government officials if he is removed to Togo.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ concluded that Sounou's asylum application was time barred because it was not filed within one year of Sounou's entry into the United States. The IJ also made an adverse credibility determination and concluded that Sounou had not credibly established his entitlement to withholding of removal or relief under the CAT. The BIA upheld IJ's decision.

Sounou argues that the IJ and the BIA erred by failing to find that the reasons given for failing to timely file his asylum application constituted extraordinary circumstances such that the one-year deadline should be excused. He also argues that the adverse credibility finding is not supported by substantial evidence and that the IJ was biased against him thereby violating his due process rights.

Because the BIA approved of and relied upon the IJ's decision, we review the decisions of both the BIA and the IJ. *See Zhu v. Gonzales*, 493 F.3d 588, 593-94 (5th Cir. 2007). After the passage of the REAL ID Act of 2005, we have jurisdiction to review a determination of timeliness that turns on a constitutional claim or question of law. *Id.* at 594-95; *Nakimbugwe v. Gonzales*, 475 F.3d 281, 284 (5th Cir. 2007). However, we lack jurisdiction to review determinations of timeliness that are based on findings of fact. *See Zhu*, 493 F.3d at 594-95; *Nakimbugwe*, 475 F.3d at 284.

In this case, Sounou's challenge to the timeliness determination is based on the IJ's assessment of facts and circumstances. Accordingly, because Sounou has not identified a constitutional or legal issue with regard to the timeliness of his asylum application, we lack jurisdiction to consider this issue. *See Zhu*, 493 F.3d at 594-95; *Nakimbugwe*, 475 F.3d at 284.

Pursuant to the REAL ID, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). We will "defer therefore to an IJ's credibility determination

unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

The adverse credibility determination is supported by the discrepancies noted by the IJ and the BIA between Sounou's three applications for adjustment of status and Sounou's testimony during the removal hearing, as well as the information Sounou provided in his two applications for asylum, withholding of removal, and relief under the CAT. The discrepancies noted by the IJ and the BIA are not trivial. The crux of Sounou's claims for relief was that he had been tortured in the past in Togo and that he feared that he would be executed if he returned to Togo as a result of his affiliation with the UFC. Sounou testified that he was arrested twice, detained for several days after each arrest, and beaten severely during both detentions. Yet none of Sounou's three applications for adjustment of status contained any reference to the arrests, even though the applications clearly asked whether Sounou had ever been arrested "in or outside the U.S.," and none of the applications contained any reference to his membership in the UFC, even though the applications clearly required Sounou to list all "present and past membership in or affiliation with every organization, association . . . in the United States or in other places since your 16th birthday." Sounou also failed to list his children on his applications for adjustment of status notwithstanding his testimony that he was close to his children.

In light of these and other inconsistencies found by the BIA and the IJ, we are unable to conclude that "no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted). Because the credibility determinations of the BIA and the IJ withstand our highly deferential standard of review, we find that the decision to deny Sounou withholding of removal relief is supported by substantial evidence and that Sounou's CAT claim was properly denied for lack of credible evidence.

Finally, although the absence of a neutral arbiter can be the basis for a due process violation, *see Wang*, 569 F.3d at 540, Sounou has failed to demonstrate that his due process rights were violated. The record does not reflect that there was such a high degree of antagonism as to make a fair judgment impossible, *see Liteky v. United States*, 510 U.S. 540, 555 (1994), nor has Sounou demonstrated that the IJ held a personal bias against him that arose from an "extrajudicial source" or that the IJ demonstrated "such pervasive bias and prejudice . . . as would constitute bias against a party." *See Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982) (internal quotation marks and citation omitted). Accordingly, Sounou has failed to establish a due process violation. *See Wang*, 569 F.3d at 541.

The petition for review of denial of asylum is DISMISSED for lack of jurisdiction; the petition for review of denial of withholding of removal and protection under the CAT is DENIED.