**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLARIS AROJIAN, aka Klarik Vartanian, aka Klarik Orogian,

              Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General of the United States,

              Respondent.

No. 08-74691

Agency No. A096-353-040

MEMORANDUM*

On Petition for Review of an Order of
the Board of Immigration Appeals

Argued and Submitted May 6, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.**

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **    The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Claris Arojian petitions for review of the Board of Immigration Appeals' order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the cumulative harms that Arojian experienced in Denmark do not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009); *Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). Substantial evidence also supports the BIA's finding that Arojian failed to demonstrate that she had a well-founded fear of future persecution. *See Halim*, 590 F.3d at 977.

Because Arojian failed to establish her eligibility for asylum, she necessarily failed to meet the higher burden of proof for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the BIA's denial of CAT relief. Arojian failed to demonstrate that it is more likely than not that she will be tortured with the consent or acquiescence of the Danish government if she returns to Denmark. *See Wakkary*, 588 F.3d at 1067-68.

Finally, the BIA did not err by concluding that the IJ properly declined to recuse himself during Arojian's removal proceedings. *See Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982).

**PETITION FOR REVIEW DENIED.**