**NOT FOR PUBLICATION**

APR 21 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAULO CESAR VALDEZ-LOPEZ, | No. 14-70894 |
| Petitioner, | Agency No. A077-148-764 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2017**
San Francisco, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and SEABRIGHT,*** Chief District Judge.

Paulo Cesar Valdez-Lopez ("Valdez-Lopez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable J. Michael Seabright, United States Chief District Judge for the District of Hawaii, sitting by designation.

dismissing his appeal from an immigration judge's ("IJ") decision (1) denying his application for withholding of removal, and protection under the Convention Against Torture ("CAT"); and (2) denying his request for recusal. We deny the petition for review.

In this "withholding-only" proceeding under 8 C.F.R. § 241.8(e), we have jurisdiction under 8 U.S.C. § 1252(a) to "review reinstated removal orders under the standard applicable to final orders of removal." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The BIA and IJ applied the correct legal standard in analyzing whether Valdez-Lopez's conviction under Nevada Revised Statutes § 453.337 for Possession of a Controlled Substance for the Purpose of Sale was a "particularly serious crime" for purposes of 8 U.S.C. § 1231(b)(3)(B)(ii). That is, "the agency relied on the 'appropriate factors' and 'proper evidence' to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)). As such, there was no abuse of discretion in concluding that Valdez-Lopez was convicted of a particularly serious crime, and that he is therefore ineligible to seek withholding of removal. *See id.* (holding that we "review for abuse of discretion the BIA's

2

conclusion that an offense constitutes a particularly serious crime") (citing *Arbid v. Holder*, 700 F.3d 379, 382, 384-85 (9th Cir. 2012)).[1]

The record does not compel the conclusion that Valdez-Lopez is eligible for CAT relief. *Arbid*, 700 F.3d at 386. Substantial evidence supports the BIA's and IJ's conclusion that the Mexican government would not acquiesce in torture of Valdez-Lopez. *See, e.g.*, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

Finally, the IJ did not deny Valdez-Lopez due process when she denied his motion to recuse herself. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 925 (9th Cir. 2007) (explaining that a review of motions for recusal of an immigration judge is governed by constitutional due process standards). Valdez-Lopez neither identified an extrajudicial source of bias, nor demonstrated "such pervasive bias and prejudice . . . as would constitute bias against a party." *Id.* (quoting *Matter of Exame*, 18 I. & N. Dec. 303, 306 (BIA 1982) (internal quotation marks omitted)); *see also Litecky v. United States*, 510 U.S. 540, 555 (1994).

**PETITION FOR REVIEW DENIED.**

---

[1] Because Valdez-Lopez is ineligible to seek withholding of removal, we need not reach, on the merits, whether he met his burden to prove that it is more likely than not that he would be subject to persecution because of his membership in a particular social group.