**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONGINO ALBERTO LAZO-FLORES, | No. 16-70515 |
| Petitioner, | Agency No. A099-534-850 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2022[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner Longino Alberto Flores Lazo,[1] also known as Longino Alberto

Lazo-Flores, petitions for review of the Board of Immigration Appeals' ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner has explained that his correct family name is Flores Lazo, and we refer to him by this name in this memorandum disposition.

denial of asylum, withholding of removal and Convention Against Torture ("CAT") relief. We review questions of law de novo, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and we review for substantial evidence all factual findings, *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We deny the petition.

1. In the immigration context, "motions for recusal are governed by . . . the constitutional due process requirement that the hearing be before a fair and impartial arbiter." *Vargas-Hernandez*, 497 F.3d at 925 (quoting *Matter of Exame,* 18 I. & N. Dec. 303, 306 (BIA 1982)). Flores Lazo has not shown that he was denied a fair and impartial hearing when the immigration judge ("IJ") consulted the record to determine whether it was complete. *See Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004) ("[I]t is an IJ's duty to develop the record fully and fairly."); *see also Acewicz v. I.N.S.*, 984 F.2d 1056, 1063 (9th Cir. 1993) (concluding that the IJ's questioning regarding an element of petitioners' claim was not evidence of bias). Additionally, Flores Lazo has neither demonstrated that "an incorrect or incomplete translation prevented him from presenting relevant evidence," nor "that a better translation would have made a difference in the outcome." *Acewicz*, 984 F.2d at 1063. We therefore deny the petition as to Flores Lazo's due process claims. *See id.*

2. In determining whether an applicant for asylum has testified credibly, an IJ considers "the totality of the circumstances," including "the inherent plausibility of

2

the applicant's" account "and any inaccuracies or falsehoods in such statements." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). Substantial evidence supports the BIA's determination that Flores Lazo's testimony was not credible. Flores Lazo failed to mention in his declaration that he was beaten by his persecutors, even though the beating represented Flores Lazo's only allegation of physical harm. *See Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254–55 (9th Cir. 2003) (concluding that substantial evidence supported the adverse credibility determination where petitioner excluded from his declaration the "pivotal" event of his stabbing). Further, Flores Lazo was unable to explain plausibly why his testimony about a shooting he witnessed diverged significantly from a police report describing the same incident, which Flores Lazo submitted as evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1090 (9th Cir. 2011) (concluding that substantial evidence supported the adverse credibility determination where petitioner failed to explain plausibly why a police report differed from his account of a break-in), *abrogated on other grounds by Alam v. Garland*, 11 F.4th 1133, 1136–37 (9th Cir. 2021) (en banc). Because the record does not compel a conclusion that Flores Lazo testified credibly, we deny the petition as to his asylum and withholding claims. *See Kin v. Holder*, 595 F.3d 1050, 1052 (9th Cir. 2010) (denying petition for review where substantial evidence supported BIA's adverse credibility findings and petitioners therefore failed to carry their burden of showing entitlement for relief).

3. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010)). Where a petitioner has been found not credible, his "CAT claim rests on country conditions reports and other corroborating evidence in the record including the letters from his family and acquaintances." *Id.* Here, the BIA's determination that Flores Lazo did not establish eligibility for CAT protection is supported by substantial evidence. Flores Lazo and his relatives were never tortured, and Flores Lazo's country conditions evidence does not evince a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (concluding that human rights reports did "not indicate that [petitioner] would face any particular threat of torture beyond that which all citizens of" his home country face). Accordingly, we conclude that substantial evidence supports the agency's denial of CAT relief, and we also deny the petition as to this claim. *See id.* at 1053.

**PETITION DENIED.**