# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2010

No. 09-60177
Summary Calendar

Lyle W. Cayce
Clerk

GUADALUPE MUNOZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 971 600

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Guadalupe Munoz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing the appeal of an order of removal and an order of the BIA denying her motion to reconsider and reopen. Munoz asserts that the BIA erred by engaging in impermissible factfinding when it stated that Munoz claimed on appeal that the Immigration Judge (IJ) improperly denied voluntary departure and that no evidence existed in the record that Munoz had applied for this form of relief. Asserting that,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 8 C.F.R. § 1003.1(d)(3)(iv), the BIA lacks the power to make findings of fact in the first instance, she requests that this court vacate the BIA decisions and remand the matter to the BIA for further consideration.

A court can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right". 8 U.S.C. § 1252(d); *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *See Omari*, 562 F.3d at 318 (citing *Heaven v. Gonzales*, 473 F.3d 167, 177 (5th Cir. 2006); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001)). An exception to the exhaustion requirement exists for claims of due-process violations, "except for procedural errors that are correctable by the BIA". *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Contrary to Munoz' assertions, her motion to reconsider and reopen neither reasserted her initial due-process claim relating to voluntary departure nor asserted the claim she now presents to this court—that the BIA engaged in impermissible factfinding when it determined that no evidence existed in the record that Munoz had applied for voluntary departure. Munoz' motion to reconsider and reopen was an available and adequate means of presenting this claimed error to the BIA before asserting it here, which is required under § 1252(d). *See Omari*, 562 F.3d at 320-21. "Because [Munoz] has failed to exhaust [her] administrative remedies as to this issue, § 1252(d) jurisdictionally bars [this court] from addressing it." *Id.* at 321.

Munoz also asserts that the BIA erred in denying cancellation of removal and in not addressing certain challenges concerning the IJ's bias and Munoz' asylum application. Under 8 U.S.C. § 1252(a)(2)(B)(i), this court generally does not have jurisdiction to review any judgment regarding the granting or denying of discretionary relief in the form of cancellation of removal. Where the appeal involves constitutional claims or questions of law, this court does have

jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). Although Munoz attempts to claim otherwise, essentially, she disagrees with the discretionary decision to deny cancellation of removal. Munoz' appeal does not involve a constitutional claim or a question of law. Accordingly, we lack jurisdiction to review this issue. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004)

Munoz also contends that, because the BIA failed to specifically address certain issues, it failed to give meaningful consideration to her appeal and motion to reconsider and reopen. Even if the BIA's decision does not touch on every disputed fact, it does not mean that the BIA did not consider all of Munoz' presented facts and allegations. *See Osuchukwu v. INS*, 744 F.2d 1136, 1142-43 (5th Cir. 1984) ("[The BIA] has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted".). The BIA considered Munoz' stated issues.

Finally, to the extent Munoz claims her due-process rights were violated because the IJ exhibited bias against her, her claims are unavailing. Munoz has failed to demonstrate that the IJ either held a personal bias against her or demonstrated pervasive bias and prejudice. *See Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982); *see also Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

DISMISSED.