# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-60651
Summary Calendar

Lyle W. Cayce
Clerk

CAP SOO HAN, also known as Cap Han,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 936 842

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Cap Soo Han, a native and citizen of South Korea, petitions for review of the Board of Immigration Appeals' (BIA) decision, affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, relief under Convention Against Torture (CAT), and cancellation of removal for a battered spouse. He also contends he was denied due process because: the IJ showed bias; his appeal was dismissed by one BIA judge instead of a three-judge panel; and the IJ did not interview

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60651

him, develop the record sufficiently to determine his eligibility for relief, or advise him of his right to apply for cancellation of removal as a battered spouse.

In reviewing the order of the BIA, the underlying decision of the IJ is considered "only if [it] has some impact upon the BIA's opinion". *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). Because the BIA agreed with the IJ's decision and issued its own opinion, we may review both decisions. Factual determinations are reviewed for substantial evidence, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); conclusions of law, *de novo*, *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 406 (5th Cir. 2010). Under the substantial-evidence standard, reaching a differing conclusion is improper unless "we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Chen*, 470 F.3d at 1134 (emphasis in original) (citation and internal quotation marks omitted).

Han asserts he was entitled to asylum and withholding of removal based on a well-founded fear of future persecution because his ex-girlfriend threatened that her uncle, a South Korean Congressman, would harm or kill Han if he were removed to South Korea. Although the IJ determined that Han's testimony was credible, the IJ found that Han did not present objective, reliable evidence demonstrating that a reasonable person in the same circumstances would have a well-founded fear of future persecution. *See Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994). Han has not shown that the evidence compels a contrary conclusion.

Further, the IJ determined that Han did not show he would be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See id.* Han failed to challenge that ruling and, therefore, has abandoned it. *Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986). Because Han fails to show eligibility for asylum, he can not satisfy the higher standard for withholding of removal. *Chen*, 470 F.3d at 1138.

No. 10-60651

Next, Han contends he is entitled to relief under CAT because he has established that, more likely than not, he will be harmed or killed by the ex-girlfriend's uncle upon removal. Other than his testimony, Han failed to present objective, reliable evidence to support his claim; his testimony alone is insufficient to satisfy his burden under CAT.

Along that line, Han asserts he was entitled to cancellation of removal for battered spouses. The BIA found that Han failed to present any evidence to establish he was married to the ex-girlfriend and, therefore, failed to meet his burden for cancellation of removal. Han did not present any evidence at his removal hearing or to the BIA that he was formally married to the ex-girlfriend or that they had a common law marriage under Texas law. *See Witter v. INS*, 113 F.3d 549, 553 (5th Cir. 1997).

Finally, to the extent Han raises due-process claims for the first time in his petition for review, our court lacks jurisdiction to review them. *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001) (noting our court lacks jurisdiction over unexhausted claims). In any event, Han has failed to show he suffered actual prejudice as a result of those claimed violations. He failed to present evidence that the IJ's alleged bias arose from an "extrajudicial source" or constituted "such pervasive bias and prejudice . . . as would constitute bias against a party". *See Matter of Exame*, 18 I & N Dec. 303, 306 (BIA 1982) (citation and internal quotation marks omitted). Han's claim that he was denied review by a three-judge panel is unavailing: the BIA's decision reflects that one judge signed the decision on behalf of the Board. Also, Han has not shown that he was prejudiced by the IJ's failure to interview him and develop the record; there was no evidence that the result would have been different but for the claimed errors. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002) (ruling that, because no actual prejudice, merits of petitioner's due-process claim not considered).

DENIED.

3